**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JENNY L. HACKNEY,**

                    **Plaintiff,**

**-vs-**                                                         **Case No. 6:14-cv-892-Orl-41DAB**

**ORLANDO HEALTH CENTRAL, INC.,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED JOINT MOTION FOR SETTLEMENT APPROVAL (Doc. No. 23)**
>
> **FILED:** December 26, 2014
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff filed a Complaint against Defendant seeking unpaid wages and overtime, as well as compensatory damages for alleged retaliation, for Defendant's alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. No. 1). On November 17, 2014, Plaintiff filed an Amended Complaint adding a claim seeking unpaid wages under a common law breach of contract theory (Doc. No. 20). The instant motion seeks approval of a settlement reached by the parties. At issue is whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

The settlement here provides that Defendant will pay Plaintiff a total of $38,715.00, allocated as follows: (1) $5,800.00 in alleged unpaid wages and overtime compensation; (2) $5,800.00 in alleged liquidated damages; (3) $20,000.00 in alleged compensatory damages; and; (4) $7,115.00 to Plaintiff's counsel, Martha A. Chapman, Esq., for attorney's fees and costs.

In order to evaluate the fairness of a compromise, it is necessary to compare it to the claim. The parties represent that Plaintiff will receive all of the unpaid wages and overtime compensation she claims in this action for the full three year period, as well as liquidated damages. The amount of damages for the retaliation claim is, however, by its very nature, uncertain. To some extent, therefore,

the parties compromised to reach an agreement as to this claim. In view of the compromise, the Court also considers the reasonableness of the proposed amount of attorney's fees.

In the prior motion (Doc. 21), the parties' contended that the attorneys' fees proposed "are reasonable given the significant pre-litigation and post-litigation advice and counsel provided by Plaintiff's counsel to Plaintiff, the stage of this litigation, and the amount of work performed in this case." That motion, however, did not provide any specific information as to the number of hours expended or the rates charged for same.[1] The Court therefore denied the motion, without prejudice, directing the parties to provide a basis for evaluating the fees and costs, in the context of the settlement (Doc. 22). The instant motion provides that showing.

According to the papers, Plaintiff's counsel spent over forty-eight hours on this matter, the majority in settlement communications and emails with her client. The papers also reflect time spent by an "assistant" and $440.00 incurred in filing and service fees, for a total claimed attorney's fees and costs expense of $19,493.00.[2] Armed with a fuller understanding of counsel's efforts in this matter, the Court finds the agreement to accept $7,115.00 for costs and fees is a significant reduction of the fees and costs claimed and is reasonable, in view of the effort expended and result reached.[3]

The parties assert that the settlement in this action is fair and reasonable in that the overtime and unpaid wages portion of Plaintiff's claims is fully paid, including liquidated damages; the settlement is a fair and negotiated compromise of a disputed claim for the retaliation claims based upon the allegations made by Plaintiff and the evidence presented by Defendant; and the amount of

---

[1] The parties have not engaged in discovery and the docket reveals no significant motion practice.

[2] Counsel states that her billing rate is $375 per hour and assistant time is billed at $85 per hour.

[3] The Court makes no finding with respect to the reasonableness of the hourly rates charged as the total fee is, by any measure, within acceptable parameters, considering the time expended.

attorney fees and costs is reasonable in light of the time and costs expended by counsel for Plaintiff. The Court agrees.

It is therefore **respectfully recommended** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. The motion should be granted, and the action should be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 30, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy